**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )  Case No. 4:19-cv-00890-MTS<br>) |
| JAMES YOUNT, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM AND ORDER**

Plaintiff Safeco Insurance Company of America ("Safeco") seeks a declaratory judgment from the Court finding that two policies it issued to Defendant James Yount do not provide coverage for damages stemming from the death of Defendant Deirdre Pickens's son. Because neither the homeowners nor the umbrella insurance policy Safeco issued to Yount covers the damages Pickens seeks in the underlying state-court action, the Court will grant Safeco's Motion for Judgment on the Pleadings, Doc. [31].

**I.   Background**

Defendant Deirdre Pickens's son died in August 2017 due to a fentanyl overdose at Defendants James, Paula, and Jesse Yount's home. Pickens filed a wrongful death action in Missouri state court against the Younts, making negligence, assault, and battery claims against them for her son's overdose (the "State Action"). Safeco provided insurance coverage to James and Paula Yount under a homeowners policy and an umbrella policy.[1] James and Paula's son Jesse was also covered by the homeowners policy, but was explicitly excluded from any coverage under

---

[1] The relevant terms of each policy are discussed below.

the umbrella policy.  Doc. [18-4] at 5.  Each policy was effective during the time of the events forming the basis of the State Action.  Safeco is currently defending Jesse Yount in the State Action,[2] where Pickens made a demand on Safeco for payment of the insurance proceeds from the Policies.

Each of the policies contains exclusions from coverage for bodily injury that (1) is the foreseeable result of an act intended by any insured, (2) arises out of a criminal act committed by or with the knowledge of any insured, or (3) arises out of the use or possession of a controlled substance.  Based on this unambiguous language, Safeco argues that it has no duty under the Policies to defend or indemnify the Younts because the claims Pickens makes in the State Action fall within the policy exclusions.

After Safeco filed this action in federal court, Pickens twice amended her State Action petition.[3]  While maintaining her original claims, the amended petitions added new claims that the Younts should have more promptly contacted emergency personnel and that they negligently undertook to rescue Pickens's son.  Pickens[4] urges that the new negligence claims are independent and distinct from the original claims related to the Younts' possession and distribution of fentanyl and therefore argues that the doctrine of concurrent proximate cause should apply.

## II.    Standards Governing Motions for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "A grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant

---

[2] Safeco previously also represented James and Paula Yount in the State Action until Defendant Pickens dismissed them from that case without prejudice.

[3] The First and Second Amended Petitions are identical, except that the Second Amended Petition added a claim for intentional infliction of emotional distress in Count IV.  *Compare* Doc. [18-1] *with* Doc. [33-3].

[4] The Yount Defendants are in default in this case, and Defendant Pickens has thus filed all documents relevant to Plaintiff's Motion for Judgment on the Pleadings.  The Court thus interchangeably refers to her as "Pickens" or "Defendant," in the singular, throughout this Memorandum and Order.

2

is entitled to judgment as a matter of law.'" *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002); *accord Ginsburg v. InBev NV/SA*, 649 F. Supp. 2d 943, 946 (E.D. Mo. 2009) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The Court is required to "view all facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party." *Poehl*, 528 F.3d at 1096 (citing *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004)). There are limitations on what the Court may consider in considering such a motion; it "generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ginsburg*, 649 F. Supp. 2d at 946.

**III.   Discussion**

In her opposition to Plaintiff's Motion for Judgment on the Pleadings, Pickens does not appear to contest Plaintiff's interpretation of the exclusions in either of the policies, instead focusing on the application of the concurrent cause rule to her claims. *See, e.g.*, Doc. [33] at 2 (acknowledging the homeowners policy's exclusion for bodily injury "arising from the unlawful use of narcotics or criminal activity" but arguing that concurrent proximate cause applies to this case); *id.* at 4 (arguing that concurrent cause can give rise to coverage even where an injury arises out of an excluded cause). The Court agrees that the relevant policy provisions are unambiguous and will therefore apply the language of the exclusions to the claims to determine whether the policies provide coverage as a matter of law. The Court will briefly address the application of each relevant exclusion before turning to Defendant's argument that the concurrent cause rule saves her claims from the exclusions.

3

A.     **Application of the Policy Exclusions**

As an initial matter, in Missouri, the phrase "arose out of" is construed broadly in the context of insurance contracts. *See Walden v. Smith*, 427 S.W.3d 269, 274–75 (Mo. Ct. App. 2014). Insurance contracts containing this language do not require direct or proximate cause; rather, such contracts only require that the insurer show a causal relationship between the excluded cause and the injury. *See, e.g.*, *Colony Ins. Co. v. Pinewoods Enters., Inc.*, 29 F. Supp. 2d 1079, 1083 (E.D. Mo. 1998) ("The insurance language 'arising out of' has been interpreted by Missouri courts to be a very broad, general and comprehensive phrase to mean 'originating from' or 'having its origins in' or 'growing out of' or 'flowing from.'"); *Walden*, 427 S.W.3d at 274–75.

1. *"Foreseeability" Exclusions*

The homeowners policy expressly does not provide coverage for bodily injury "which is . . . the foreseeable result of an act . . . intended by any insured," and the exclusion applies even if such injury "is of a different kind or degree than expected or intended." Doc. [18-3] at 27 (emphasis omitted). The umbrella policy contains a provision that is effectively identical. *See* Doc. [18-4] at 24. In her Second Amended Complaint, Defendant contends that the Younts had fentanyl at their home, that they distributed or administered the fentanyl to Pickens's son, and that Pickens's son then overdosed on fentanyl. Doc. [33-3] ¶¶ 17–21. Pickens thus asserts intentional action on the part of the Younts in providing fentanyl to her son, and injury by overdose is a foreseeable result of illicit drug use. *See Brown v. Davis*, 813 F.3d 1130, 1136 (8th Cir. 2016) (defining foreseeability as "whether there was 'some probability or likelihood of harm sufficiently serious that ordinary persons would take precautions to avoid it" (quoting *Lopez v. Three Rivers Elec. Coop.*, 26 S.W.3d 151, 156 (Mo. banc 2000))). The exclusion further states that it bars coverage even if the bodily injury is of a different degree than expected or intended. The extent

4

of the injury Defendant's son sustained thus does not bring it outside the scope of the foreseeability exclusion.  This exclusion therefore applies to Defendant's claims.

2. *"Criminal Acts" Exclusions*

The criminal acts exclusions also encompass Defendant's claims.  The homeowners policy does not apply to bodily injury "which results from violation of criminal law committed by, or with the knowledge or consent of any insured," regardless of whether any insured is charged or convicted with a crime.  Doc. [18-3] at 28.  As with the foreseeability exclusion, the umbrella policy contains a largely identical provision excluding coverage for any bodily injury "arising out of a criminal act."  Doc. [18-4] at 26.

It is a crime in Missouri to knowingly possess or distribute a controlled substance, which under Missouri law includes fentanyl.  *See* Mo. Rev. Stat. § 579.015(1) ("A person commits the offense of possession of a controlled substance if he or she knowingly possesses a controlled substance."); Mo. Rev. Stat. § 579.020(1) (defining the criminal offense of "delivery of a controlled substance" as "[k]nowingly distribut[ing] . . . a controlled substance"); Mo. Rev. Stat. § 195.010(6) (defining controlled substance as "a drug . . . in Schedules I through V listed in this chapter"); Mo. Rev. Stat. § 195.017(4)(2)(i) (listing fentanyl as a Schedule II substance).  While Pickens's Second Amended Petition does not include allegations of criminal activity by the Younts, it clearly asserts that the Younts possessed and distributed fentanyl the night of the overdose.  Doc. [33-3] ¶¶ 17–19.  There can be no doubt that the pleadings suggest that the overdose—the bodily injury here—"result[ed] from" and "ar[ose] out of" the Younts' knowing possession and distribution of fentanyl, both crimes in Missouri.  As such, the criminal acts exclusion applies to Pickens's claims in the State Action as well.

3. *"Controlled Substance" Exclusions*

Even if the first two exclusions did not apply, the controlled substance exclusions bar coverage of Pickens's claims by either Policy. Both Policies do not provide coverage for bodily injuries "arising out of the use . . . or possession by *any person* of a controlled substance(s) as defined by . . . 21 U.S.C.A. Sections 811 and 812." Docs. [18-3] at 30, [18-4] at 26 (emphasis added). Section 812 classifies fentanyl as a Schedule II controlled substance. 21 U.S.C. § 812 (2018). Footnote 1 of § 812 provides that revised schedules are published in Title 21, Part 1308 of the Code of Federal Regulations, and the current version of that regulation continues to list fentanyl as a Schedule II drug. 21 C.F.R. § 1308.12(c)(9). The language of the exclusions is clear: a bodily injury that arises out of the use or possession of a controlled substance, as defined by 21 U.S.C. § 812, is not covered. The bodily injury forming the basis of Defendant's claims bears a causal relationship to the possession or use of fentanyl, a controlled substance under the relevant statute, as Defendant pleads in her Second Amended Petition. Defendant's State Action claims thus fall within the scope of these exclusions, providing another basis for denial of coverage.

**B.**     **Concurrent Cause Rule**

Defendant's claims are excluded from coverage by both policies under each of the exclusions discussed above. Defendant does not directly challenge the application of the exclusions to her claims—rather, she argues that the concurrent cause rule brings the otherwise-excluded claims within the Policies' coverage. *See, e.g.*, Doc. [33] at 2, 4. The concurrent cause rule establishes that where an injury has separate, independent causes, one that is excluded and one that is covered, the insurer remains liable on the basis of the covered cause. *Safeco Ins. Co. of Am. v. Schweitzer*, 372 F. Supp. 3d 884, 891 (W.D. Mo 2019) (noting the rule in Missouri "that where an insured risk and an excluded risk constitute concurrent proximate causes of an accident,

6

a liability insurer is liable as long as one of the causes is covered by the policy" (quoting *Bowan ex. rel. Bowan v. General Sec. Indem. Co. of Ariz.*, 174 S.W.3d 1, 5 (Mo. Ct. App. 2005))). This rule only applies if the covered cause is independent and distinct from the excluded cause. *Adams v. Certain Underwriters at Lloyd's of London*, 589 S.W.3d 15, 29 (Mo. Ct. App. 2019) ("If the included cause is truly independent and distinct from the excluded cause, then coverage will be found under the policy.").

Defendant argues that, even if the Younts' possession and distribution of fentanyl is a proximate cause of her son's death, Jesse Yount's negligent gratuitous undertaking serves as a distinct proximate cause of the death that is covered by the Policies. But Defendant's attempts to use the elements of negligent gratuitous undertaking to establish an independent claim fail as a matter of law. She cites the elements as "(1) an undertaking to protect; (2) failure to exercise reasonable care in doing so; and (3) because of such failure increased the risk of harm." Doc. [33] at 6. Pickens does not explain how these elements "stand separate and distinct" from the excluded causes. *See id.* The second element, in particular, highlights the inextricability of any negligent gratuitous undertaking from negligence arising from the possession and distribution of fentanyl leading to overdose. There is simply no way to separate the concept of reasonable care from the fentanyl overdose, which Defendant claims was caused by the Younts' actions—actions that are excluded under the Policies.

The third element of negligent gratuitous undertaking further undermines Defendant's argument. This element, like the second, also implicates the fentanyl overdose—namely, what harm would Defendant's son have had as a result of overdosing on fentanyl, and how did Jesse's gratuitous undertaking increase that harm? *See Trader v. Blanz*, 937 S.W.2d 325, 328–29 (Mo. Ct. App. 1996) (noting that, for a gratuitous undertaking claim, it is not enough to claim that the

undertaking caused harm; instead, the claimant must show that the failure to exercise reasonable care *increased* the risk of harm).  The elements do not provide any meaningful distinction for purposes of the concurrent cause rule between a covered negligent gratuitous undertaking claim and the excluded causes already discussed.  So too for the Younts' alleged failure to timely contact emergency personnel—there is little way to determine whether the Younts were negligent in that respect without invoking the fentanyl overdose, which flowed directly from the Younts' excluded conduct.[5]

Defendant cannot distinguish her newer negligence claims from the underlying excluded causes pertaining to the Younts' possession and distribution of fentanyl.  The claims are entirely entwined; if the Younts do not provide her son with fentanyl, her son does not overdose on fentanyl.  Without the overdose, there could be no undertaking to rescue him.  The same is true for Defendant's claim that the Younts were negligent for not timely contacting emergency services.  Concurrent proximate cause is therefore inapplicable on the facts here, leaving Defendant's claims in the State Action plainly excluded under the Policies.

### C. Mootness as to James and Paula Yount

Defendant dismissed James and Paula Yount from the State Action without prejudice, leaving only Jesse Yount as a defendant in that case.  Plaintiff, to avoid relitigating these same issues, argues that the declaratory judgment it seeks here is not moot with respect to James and

---

[5] Defendant cites cases in support of her position, but those cases are unpersuasive.  In *Adams v. Certain Underwriters at Lloyds of London*, 589 S.W.3d 15 (Mo. Ct. App. 2019), the excluded causes of assault and battery were disputed, and the court found that "the negligence claim in no way relie[d] on the occurrence of assault and battery for its success" in determining the negligence claim was a concurrent cause. *Id.* at 29, 33–34.  Neither is true here.  Defendant expressly pleads that the excluded causes of possessing and distributing fentanyl are proximate causes of the injury, the claimed distribution of fentanyl out of which the overdose arose is the entire foundation for any further negligence by the Younts.  *Intermed Insurance Co. v. Hill*, 367 S.W.3d 84 (Mo. Ct. App. 2012), is similarly inapplicable.  There, the court found a concurrent cause of negligent supervision existed independent of the excluded sexual assault claim because the two claims had entirely distinct elements, which, as discussed, is not the case here.  *See id.* at 88–91.  The court further cited that the acts constituting negligent supervision occurred and were brought to the insured's attention well before the claimed sexual assault.  *Id.*  Here, the negligence in providing the fentanyl preceded any claimed negligent undertaking; indeed, it is the only reason such undertaking was needed.

8

Paula and asks the Court to enter such judgment as to each of James, Paula, and Jesse.  In finding that Defendant's claims are excluded by express language of the policies, the Court does not find it appropriate to limit the corresponding declaratory judgment to only claims against Jesse Yount.  Nothing stops Defendant from hauling James and Paula Yount back into court on these same or very similar issues.  In the interest of efficiency, the Court determines that this issue is not moot with respect to James and Paula Yount.  The Court's declaration that Defendant's claims are excluded by the policies thus applies to the claims regardless of whether they are made against James, Paula, or Jesse Yount.

## Conclusion

Defendant Pickens's claims are excluded from coverage by each of the Younts' policies with Plaintiff Safeco, and the concurrent cause rule does not apply on the facts of this case.  The Court further finds that these declarations are not moot with respect to Defendants James and Paula Yount; thus, the Court's decision here applies broadly to both the homeowners policy and the umbrella policy with respect to each of the Yount defendants.  Plaintiff therefore has no duty to defend or indemnify the Younts in the underlying state action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Safeco's Motion for Judgment on the Pleadings, Doc. [31], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order or to Stay Discovery, Doc. [37], is **DENIED** as moot.

An appropriate Judgment shall accompany this Memorandum and Order.

Dated this 3rd day of November.

                                            MATTHEW T. SCHELP
                                            UNITED STATES DISTRICT JUDGE